PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMEL D. CURTIS, | ) | |
| | ) | CASE NO. 4:20-CV-2134 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| J. BEDZARRO, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Jamel D. Curtis filed this action under 42 U.S.C. § 1983 against Northeast Ohio Correctional Center (NEOCC) Correctional Officers J. Bedzarro and Ms. Haas. In the Complaint, Plaintiff alleges that he was assaulted by another inmate and Defendants failed to effectively intervene to prevent further injury. ECF No. 1 at PageID #: 3-5. He asserts violation of his Eighth Amendment rights and seeks monetary damages. *Id.* at PageID #: 6-7.

**I. Background**

Plaintiff alleges he was physically assaulted by inmate Robert Jordan, who struck him with a lock in a sock. *Id.* at PageID #: 3. He indicates that Officer Bedzarro noticed the commotion and entered the room. Officer Bedzarro inquired what had happened and Plaintiff informed him that he had been assaulted by Jordan. Officer Bedzarro summoned Officer Haas for assistance. Plaintiff contends that the officers ordered Jordan several times to drop the weapon and get up against the wall. *Id.* at PageID #: 4. Jordan ignored their orders and struck Plaintiff in the head. Plaintiff does not allege how that altercation was terminated. He claims he

(4:20-CV-2134)

was taken to the infirmary and treated for his injuries before being placed temporarily in segregation until the video surveillance could be reviewed to confirm his version of events. *Id.* at PageID #: 5. Plaintiff contends that shortly after his release from segregation, he requested to return to the infirmary because he was unable to stop the bleeding from his head wound. He alleges that Officer Bedzarro personally escorted him to the infirmary and apologized to him for not reacting quickly enough. *Id.* Plaintiff claims Officers Bedzarro and Haas failed to protect him from an obvious danger to his health in violation of the Eighth Amendment.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.

(4:20-CV-2134)

The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a

3

(4:20-CV-2134)

subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, Plaintiff fails to allege facts suggesting that Defendants met the subjective requirement of an Eighth Amendment claim. The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to an inmate's health or safety. *Wilson*, 501 U.S. at 302-03. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer*, 511 U.S. at 837. This standard is met if "the official knows of and disregards an excessive risk to [the] inmate['s] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837). Plaintiff alleges that Defendants were attempting to gain control over inmate Jordan and Jordan was able to strike Plaintiff one more time before they were able to subdue him. The facts as alleged do not suggest Defendants acted with deliberate indifference to Plaintiff's safety to violate his Eighth Amendment rights.

### IV. Conclusion

Accordingly, this action dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies,

4

(4:20-CV-2134)

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

  <u>  July 19, 2021  </u>                 <u>  */s/ Benita Y. Pearson*       </u>
Date                                         Benita Y. Pearson
                                            United States District Judge